UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00035-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JASON MICHAEL BROWN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Suppress (#21) and the government's Motion for Peremptory Setting (#23).

Defendant file on July 3, 2014, what appears to be a substantial Motion to Suppress, which will require a pretrial evidentiary hearing. Defendant has, however, filed this motion late without first requesting leave to do so inasmuch as defendant was arraigned on March 19, 2014, and lead counsel for defendant, Noell P. Tin, first appeared on March 26, 2014, with his law partner C. Melissa Owen appearing the following day as co-counsel. The Standing Arraignment Order provides "[a]ll pretrial motions must be in writing and must be filed within sixty (60) days from the date of this Arraignment Order, or the date on which counsel is appointed or makes a general appearance, whichever occurs last. Motions not timely filed will be summarily denied." Id. at ¶ 4. As provided in Rule 12(b)(3)(B), Fed.R.Crim.P., a motion to suppress must be made before trial and is, therefore, clearly covered by such provision of the Pretrial Order.

Despite a previous continuance of this case from the trial calendar, defense counsel have made the instant motion more than 90 days from appearance and only 18 days before trial. While the court makes every effort to accommodate counsel, counsel should understand the

1

impact that filing motions late and without leave has on the scheduling of trial, especially where, as here, counsel jointly request a peremptory setting during the upcoming trial term to accommodate the schedule of an IT forensics expert.  Rather than have the Standing Arraignment Order honored only in the breach, prior to the evidentiary hearing on defendant's Motion to Suppress, the court will need to hear from counsel for defendant as to why the motion was not timely filed (despite counsel having knowledge of the basis of motion as she was allegedly called during the search) and why counsel did not *first* seek leave of court before filing such motion out of time.

As the court cannot set a peremptory trial before hearing the motion, see Fed.R.Crim.P. 12(d), the Motion for Peremptory Setting will be denied without prejudice as to the parties seeking a peremptory setting during a later term.  The Clerk of Court will be instructed to place the Motion to Suppress on the July 2014 hearing calendar.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Suppress (#21) be calendared by the Clerk of Court for hearing during the July 2014 hearing calendar and the government's Motion for Peremptory Setting (#23) is **DENIED** without prejudice.

Signed: July 7, 2014

Max O. Cogburn Jr.
United States District Judge